IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANSONY JESUS FIGUEROA,

     Petitioner,

v.                                                                                    Civ. No. 26-1845 KG-SCY

WARDEN, *et al*,

     Respondents,

ORDER DIRECTING AMENDMENT

This matter is before the Court on Petitioner's 28 U.S.C. § 2241 Habeas Petition.  (Doc. 1) (Petition).   Petitioner is an immigration detainee and is proceeding *pro se*.   He seeks a release from custody based on an injury to his finger.   (Doc. 1) at 1-4.   Petitioner sustained the injury at his workplace before he entered the detention facility.   *Id.* at 4.   He argues the injury requires an orthopedic evaluation and possible surgery.   *Id.*   The Petition states that some medical evidence was presented to the immigration court, but "detention continued."   *Id.*   The Petition raises claims for due process violations and deliberate indifference to medical needs but does not otherwise describe why Petitioner's detention is illegal.   *Id.* at 5-6.

As a general rule, claims relating to medical cares must be brought in a civil rights action rather than a habeas proceeding.   *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens* … not through federal habeas proceedings"); *Vaz v. Skinner*, 634 Fed. App'x 778, 781 (11th Cir. 2015) (a Section 2241 petition "is not the

appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement."); *Nettles v. Grounds*, 830 F.3d 922, 933-34 (9th Cir. 2016) (holding that claims falling outside of "the core of habeas corpus" may not be brought in a federal habeas corpus petition).   Even if Petitioner's medical needs could be considered under certain circumstances, the Petition contains insufficient facts to evaluate the legality of his detention.   For example, it is unclear what process Petitioner has received so far and whether he is detained pursuant to 8 U.S.C. § 1226; 8 U.S.C. § 1231; or some other statute.

The Court will require Petitioner to file a single amended Section 2241 petition within twenty-one (21) days of entry of this Order.   The Clerk's Office mailed Petitioner a blank Section 2241 form to assist with any amendment.   The amendment should specify: (1) when Petitioner entered the United States; (2) what process (bond hearings, removal hearings, etc.) Petitioner has received so far and the reason for any denial of bond; (3) whether/when the immigration court entered a removal order; and (4) the status of any immigration appeals. Petitioner may find it helpful to include any orders from the immigration court, but documentary evidence is not required at this stage.   By the same date, Petitioner must pay the $5.00 habeas filing fee or file a motion to proceed *in forma pauperis*.   All documents filed in this case must include the case number, Civ. No. 26-1845-KG-SCY.   The failure to timely comply with this Order may result in dismissal of this case without prejudice.

IT IS ORDERED:

1. Within twenty-one (21) days of entry of Order, Petitioner shall file an amended Section 2241 petition, as set forth above.

2.  By the same deadline, Petitioner shall pay the $5.00 habeas filing fee or file a motion to proceed *in forma pauperis.*


/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.