IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANSONY JESUS FIGUEROA,

    Petitioner,

v.                                                                                    No. 2:26-cv-01845-KG-SCY

DORA CASTRO, et al.,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Ansony Jesus Figueroa's Amended Petition for a Writ of Habeas Corpus, Doc. 6, and the Government's Response, Doc. 9. Because Petitioner presents a purely legal question, the Court declines to hold a hearing, *see* 28 U.S.C. § 2243, and grants his petition for the reasons below.

### I.    *Background*

Petitioner, a native and citizen of Venezuela, entered the United States without inspection or parole in 2023. Doc. 6 at 2. Shortly thereafter, Department of Homeland Security ("DHS") detained him and served him with a Notice to Appear ("NTA"). *Id.* After being released from custody, Petitioner applied for asylum. *Id.* On March 17, 2025, an immigration judge ordered Petitioner removed—Petitioner's appeal of that decision remains pending with the Board of Immigration Appeals. *Id.* at 3. On May 29, 2026, Immigration and Customs Enforcement ("ICE") agents arrested Petitioner when he appeared for a regularly scheduled appointment. *Id.* He remains detained at the Otero County Processing Center in Chaparral, New Mexico and has not been provided a bond hearing. *Id.* at 3, 7.

Petitioner now challenges his detention without a custody determination on several grounds. He claims that the Government has violated his Fourth Amendment right to be free

from unlawful seizure, and procedural due process rights under the Fifth Amendment and the Immigration and Nationality Act ("INA").  *See id.* at 4–7.  The Government opposes the petition. *See* Doc. 9.

## II.     *Legal Standard*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018); *see also Santillan Quiroz v. Mullin*, 2026 WL 1876709, at *7 (10th Cir.).  First, 8 U.S.C. § 1225 governs noncitizens who are "seeking admission into the country."  *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020). "[A] noncitizen is 'seeking admission' when he takes some kind of ongoing action to request lawful entry into the United States."  *Santillan Quiroz*, 2026 WL 1876709, at *6.  "The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border."  *Id.* at *7.  Absent exceptions irrelevant here, § 1225 mandates detention and affords no bond hearing.  *Id.* (citing 8 U.S.C. §§ 1225(b)(1)(B)(ii), (b)(1)(B)(iii)(IV), (b)(2)(A)).

By contrast, 8 U.S.C. § 1226(a) sets forth "the default rule" for detaining noncitizens "already in the country."  *Jennings*, 583 U.S. at 303; *see also Santillan Quiroz*, 2026 WL 1876709, at *7 ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a).") (citing exceptions not relevant here). Section 1226(a) authorizes the arrest and detention of noncitizens "on a warrant issued by the

Attorney General...pending a decision on whether [they are] to be removed." Under federal regulations, a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing at the "outset of detention." *Jennings*, 583 U.S. at 306.

### III.    *Analysis*

Section 1226(a) governs Petitioner's detention. He entered the United States without inspection or parole, and he took no "ongoing action to request lawful entry" at a port of entry. *Santillan Quiroz*, 2026 WL 1876709, at *6. And DHS did not arrest him at the border, but in El Paso, Texas. Doc. 6 at 2–3. Because he "entered the United States and [was] thereafter detained in the interior," he falls within the class of noncitizens "subject to § 1226(a)." *Id.* at *7. Petitioner's detention is therefore governed by § 1226(a), not § 1225.

The Court next turns to the appropriate remedy. Federal courts are authorized under § 2243 to "dispose of [a habeas petition] as law and justice require" and thus possess broad discretion to fashion appropriate relief. *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012); *see also Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court "possesses power to grant *any form of relief necessary* to satisfy the requirement of justice") (emphasis in original). Given the Government's conduct here, release is warranted. *See Singh v. Carnes*, 2026 WL 446579, at *1 (D.N.M.) (ordering release where the Government "failed to articulate a legitimate interest in Petitioner's continued detention"); *Palomeque-Carrion v. Bondi*, 2026 WL 895567, at *2 (D.N.M.) (same).

### IV.    *Conclusion*

For the reasons above, the Court orders that:

1. The Amended Petition for Writ of Habeas Corpus, Doc. 6, is granted.  The Government shall release Petitioner within 24 hours of this Order.  The Government shall not impose any new conditions of release beyond those in place prior to Petitioner's detention.

2. Should the Government seek to redetain Petitioner under § 1226(a), it must provide an individualized bond hearing before a neutral immigration judge.

3. Because the Court grants Petitioner full relief on statutory grounds, it does not reach Petitioner's Fourth Amendment or Fifth Amendment claims.  Those claims are dismissed as moot, without prejudice should Petitioner face renewed detention.

4. The Government shall file a status report within 10 business days of this Order certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.